```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

UNITED STATES OF AMERICA

vs.                                    No. 2:05-CR-129(1)
                                       JUDGE SARGUS

JAMES C. CRABTREE

## PLEA AGREEMENT

Plaintiff United States of America and Defendant JAMES C. CRABTREE hereby enter into the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1. Defendant JAMES C. CRABTREE will enter a plea of guilty to Count Two of the Indictment herein which charges him with unlawful distribution of more than five (5) grams of cocaine base, or crack, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii).

2. Defendant JAMES C. CRABTREE understands the penalty that must be imposed pursuant to his plea of guilty is a mandatory minimum term of five (5) years and a maximum term of imprisonment for forty (40) years, a fine of $2,000,000.00, and a five (5) year term of supervised release.

3. Prior to or at the time of sentencing the defendant will pay to the U.S. Department of Justice a special assessment in the amount of $100.00 as required in 18 U.S.C. §3013. This assessment shall be paid by the defendant before sentence is imposed and the defendant will furnish a receipt at the time of

sentencing. The payments shall be made to the United States District Court, at the Clerk's Office, 85 Marconi Boulevard, Columbus, Ohio 43215.

4. The defendant agrees to testify truthfully and completely concerning all matters pertaining to the Indictment and to any and all other narcotics violations in which he may have been involved or as to which he may have knowledge. The defendant further agrees to provide a complete statement to authorities of the United States concerning such matters prior to the entry of his guilty plea pursuant to this agreement. Defendant agrees to submit to supplemental debriefings on such matters whenever requested by authorities of the United States, whether before or after his plea is entered.

Pursuant to §1B1.8 of the Federal Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

5. Defendant JAMES C. CRABTREE is aware that the United States Sentencing Guidelines and Policy Statements are no longer mandatory in determining his sentence. However, the defendant also understands that the guidelines and policy statements will be given consideration by the District Court, in conjunction with all other sentencing factors set forth in 18 U.S.C. §3553(a), to determine the appropriate sentence, pursuant to U.S. v. Booker, 543 U.S. 220 (2005). The defendant is aware that the Court has

2

not yet determined a sentence in his case. The defendant is further aware that the Court has jurisdiction and authority to impose any sentence within the statutory framework set forth for the offense to which the defendant pleads guilty. The defendant is also aware that any estimate of the probable sentencing range under the United States Sentencing Guidelines that the defendant may have received from any source is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw the guilty plea based upon the actual sentence imposed.

6. If such plea of guilty is entered, and not withdrawn, and the defendant, JAMES C. CRABTREE, acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees not to file additional criminal charges against the defendant based on his activities charged in the Indictment or based on other unlawful narcotics trafficking violations in the Southern District of Ohio occurring prior to the date of the Indictment and as to which the Defendant gives testimony or makes statements pursuant to this agreement. The United States Attorney for the Southern District of Ohio also agrees to dismiss Counts One, Three, and Four of the Indictment at the time of sentencing. The defendant understands that the government's agreements to dismiss Counts One, Three, and Four at sentencing and not to prosecute him for additional

narcotics violations, in return for his guilty plea to Count Two, does not mean that he is a prevailing party as defined by 18 U.S.C. §3006A (statutory note captioned "Attorney Fees and Litigation Expenses to Defense") and the defendant hereby expressly waives his right to sue the United States based on his arrest and prosecution in this case.

7. Defendant JAMES C. CRABTREE understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses which the United States discovers by independent investigation. Further, should defendant fail to comply fully with the terms and conditions set forth herein, this agreement is voidable at the election of the United States Attorney for the Southern District of Ohio, and the defendant may be subject to prosecution as if the agreement had never been made.

8. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, with the exception of the agreements contained in paragraph 9, neither party is bound by any of its provisions, the defendant, JAMES C. CRABTREE, may withdraw his guilty plea, and the United States Attorney for the Southern District of Ohio may proceed with prosecution without prejudice.

9. It is agreed by the parties hereto, for purposes of sentencing, (1) the amount of relevant conduct, as that term is defined in U.S.S.G. §§1B1.3 and 2D1.1(c) is at least 50 grams but

4

less than 150 grams of cocaine base, commonly called crack, for a base offense level of 32; (2) the defendant's conduct does merit either an enhancement or a reduction for his role in the offense pursuant to U.S.S.G. §§3B1.1 or 3B1.2; and (3) the United States agrees that the defendant has timely accepted responsibility, as that term is defined in U.S.S.G. §3E1.1, and if he continues to accept responsibility through the time of sentencing, the United States will inform the Court pursuant to U.S.S.G. § 3E1.1(b) that the defendant has timely notified authorities of his intention to plead guilty. However, the parties understand that these agreements are not binding on the District Court and that the final determination of the applicable guideline range for defendant's sentence rests solely with the District Court. Finally, the United States reserves the right to defend, on appeal, any sentencing guidelines decisions the District Court might make contrary to the agreements herein.

     10. The United States Attorney for the Southern District of Ohio agrees that if the defendant, JAMES C. CRABTREE, provides substantial assistance in the investigation or prosecution of others who have committed criminal offenses, the United States Attorney may move the Court pursuant to 18 U.S.C. §3553(e) and/or §5K1.1 of the United States Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range for Defendant's sentence and will in connection therewith make known to the Court the nature and extent of Defendant's assistance. Defendant understands that whether such

motion should be made lies within the discretion of the United States Attorney and that whether and to what extent such motion should be granted are solely matters for determination by the Court.

11. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all parties.

11/16/06
Dated

JAMES C. CRABTREE
Defendant

STEVEN S. NOLDER   37795
Attorney for Defendant

GREGORY G. LOCKHART
UNITED STATES ATTORNEY

MICHAEL J. BURNS (0023446)
Assistant United States Attorney